Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2873 | **DATE** | 11/17/2004 |
| **CASE TITLE** | Liscak vs. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Liscak's motion to vacate, set aside, or correct his sentence
brought pursuant to 28 U.S.C. § 2255

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Liscak's motion to vacate, set aside or correct his sentence brought pursuant to 28 U.S.C. § 2255 [1-1] is denied. See attached.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 18 2004 date docketed | |
| X | Docketing to mail notices. | | 12 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JERRY LISCAK, )
) No. 02 C 2873
    Movant, )
)
v. ) Honorable Charles R. Norgle
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

**DOCKETED**
NOV 1 8 2004

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Jerry Liscak's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. Movant, Jerry Liscak ("Liscak"), challenges his sentence for extortion and various immigration related offenses. For the reasons stated below, the motion is denied.

### I. BACKGROUND

After an investigation by the Immigration and Naturalization Service ("INS"), Liscak was arrested for extortion and various violations of immigration laws. The investigation revealed that Liscak had employed two men to pose as INS agents in an attempt to "shake down" illegal aliens, that Liscak induced two individuals to enter the United States illegally, that Liscak subsequently harbored and concealed these individuals in rooms above his business, and that Liscak was involved in the production and sale of counterfeit immigration and identification documents.

In February and March 1998, a federal grand jury handed down two separate indictments, totaling eighteen counts, against Liscak. On April 14, 1999, following a jury trial at which he

testified in his own defense, Liscak was convicted on seventeen of those counts. On October 14, 1999, this court sentenced Liscak to a term of fifty months imprisonment.

Liscak filed a notice of appeal on October 15, 1999. However, after numerous delays, this court granted Liscak's Motion to Dismiss the appeal. Liscak filed the present collateral attack on his sentence April 18, 2002. Liscak's motion is fully briefed and before the court.

## II. ANALYSIS

### A. Standard of Decision

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004). This statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that determination, the court must review the evidence and draw all reasonable inferences from it in a light most favorable to the government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

Section 2255 petitions are subject to various bars, including that of procedural default.

Section 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F. 3d 1174, 1177 (7th Cir. 1996) (citations omitted). Therefore, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of change circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994).

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's refusal to consider the Constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice). With these principles in mind, the court examines Liscak's motion.

## B. Liscak's Claim of Ineffective Assistance of Counsel

In order to establish that his counsel was ineffective, Liscak must "show that [his] counsel's performance was deficient, and that the deficiency prejudiced [his] defense." See Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). An attorney's performance is deficient if it falls "below an objective standard of reasonableness." Wiggins, 539 U.S. at 521 (quoting Strickland, 466 U.S. at 688). Prejudice is established by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Benefiel v. Davis, 357 F.3d 655, 662 (7th Cir. 2004) (quoting Strickland, 466 U.S. at 694). An ineffective

3

assistance of counsel claim may be brought in a § 2255 motion, regardless of whether the claim was raised on appeal. Massaro v. United States, 538 U.S. 500, 504 (2003).

Liscak makes a three-pronged ineffective assistance of counsel argument. First, Liscak argues that his attorney was ineffective in failing to ask for a continuance after Liscak became ill and had to be hospitalized overnight during trial. Mot. Under 28 U.S.C. § 2255, at 2-3; Supp. Reply Mot. Under 28 U.S.C. § 2255, at 4. Second, Liscak claims that his attorney was ineffective in failing to call certain witnesses to testify during trial. Mot. Under 28 U.S.C. § 2255, at 5; Supp. Reply Mot. Under 28 U.S.C. § 2255, at 5. Third, Liscak asserts that his attorney was ineffective in failing to communicate a plea offer to him. Mot. Under 28 U.S.C. § 2255, at 7; Supp. Reply Mot. Under 28 U.S.C. § 2255, at 7.

When a court reviews an ineffective assistance of counsel claim, the court's review is "highly deferential" to the attorney, "with the underlying assumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Holman, 314 F.3d 837, 840 (7th Cir. 2002) (quoting Strickland, 466 U.S. at 689). There is therefore a strong presumption that Liscak's counsel performed reasonably. See Strickland, 466 U.S. at 690; see also Cooper v. United States, 378 F.3d 638, 641 (7th Cir. 2004). To succeed in his claim, Liscak must show "errors so serious that counsel was not functioning as the 'counsel' guaranteed [to him] by the Sixth Amendment . . . ." See Holman, 314 F.3d at 839 (quoting Strickland, 466 U.S. at 687).

### *1. Failure to Request a Continuance*

During the trial, on April 8, 1999, Liscak experienced chest pains. Liscak's attorney asked for and received a continuance so that Liscak could receive medical care. Liscak was

4

hospitalized for one night, and was prescribed medication. The trial resumed April 12, 1999. Liscak asserts that due to his overnight hospitalization, and use of medication, his attorney should have asked for another continuance. This failure, Liscak asserts, amounts to ineffective assistance of counsel, as the medication made him "drowsy" and "not completely cognizant" during the trial. Mot. Under 28 U.S.C. § 2255, at 2-4; Supp. Reply Mot. Under 28 U.S.C. § 2255, at 4.

Deciding whether to ask for a continuance is a strategic decision attorneys must routinely make during the course of trials. These strategic decisions, even if made in error, cannot sustain an ineffective assistance of counsel claim. See Strickland, 466 U.S. at 689. The court notes that Liscak's attorney did in fact ask for, and was granted, one continuance so that Liscak could receive medical care. Liscak's attorney's decision not to ask for a second continuance after Liscak had received medical care, and was released from the hospital, was not ineffective assistance of counsel.

### 2. *Failure to Interview Defendants or Government's Witnesses and Failure to Call Specific Witnesses at Trial*

Liscak next asserts that his attorney failed to properly investigate the background of his case. Mot. Under 28 U.S.C. § 2255, at 5. However, Liscak fails to establish what type of exculpatory evidence the investigation would have turned up, or how his defense would have been helped by these witnesses. A § 2255 petitioner alleging ineffective assistance of counsel due to counsel's failure to investigate has the "burden of providing . . . a comprehensive showing as to what the investigation would have produced." Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003); see also United States v. Hubbard, 929 F. 2d 307, 310-11 (7th Cir. 1991).

5

Liscak has made no such showing.

Liscak also asserts that he provided his attorney with the names of nine individuals who possessed information that could refute the government's evidence. Mot. Under 28 U.S.C. § 2255, at 5. Liscak's Motion includes a list of seven potential witnesses, and brief, speculative explanations of what these witnesses could have testified to during his trial. Mot. Under 28 U.S.C. § 2255, Ex. C. In rare cases, an attorney's failure to investigate or call certain witnesses can constitute ineffective assistance of counsel. See Sullivan v. Fairman, 819 F. 2d 1382, 1390 (7th Cir. 1987). However, "[u]sually, counsel's decision not to call a witness is a tactical decision not subject to review." Barnhill v. Flannigan, 42 F. 3d 1074, 1078 (7th Cir. 1994). The court is reluctant to engage in second guessing, or "Monday morning quarterbacking," regarding counsel's strategic decisions in this case. See Harris v. Reed, 894 F. 2d 871, 877 (7th Cir. 1990). Liscak fails to show that his attorney's decisions regarding the investigation of witnesses, and the presentation of witnesses at trial, were objectively unreasonable at the time they were made. Counsel's performance regarding these strategic decisions was therefore not ineffective. See id. ("objectively reasonable strategic decisions . . . are virtually unchallengeable").

### 3. *Failure to Communicate Plea Offer*

Liscak then asserts that his attorney was ineffective in failing to communicate a plea offer to him. Supp. Reply Under 28 U.S.C. § 2255, at 6-7; Mot. Under 28 U.S.C. § 2255, at 7. Liscak's argument fails for two reasons. First, Liscak provides no evidence that the government made any plea offer at all. See Gray-Bey v. United States, 156 F.3d 733, 739 (7th Cir. 1998) (noting that § 2255 petitions must be accompanied by proof of petitioner's allegations); see also Mitchell v. United States, 359 F.2d 833, 837 (7th Cir. 1966) ("concerning petitions under § 2255:

6

specific facts should be alleged to support the claim . . . petitioner must show that he has proof of his allegations beyond unsupported assertions"). Second, Liscak fails to indicate that he would have accepted a plea offer. Liscak's continued assertions that he is innocent of the charges casts doubt on Liscak's intentions to enter into a plea agreement with the government. Counsel's performance was therefore not ineffective regarding any plea offer by the government.

### C. Liscak's Request for an Evidentiary Hearing

Liscak requests an evidentiary hearing in order to more fully examine his ineffective assistance of counsel claims. Evidentiary hearings, however, are not required if the § 2255 "motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 ¶ 2; see also Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir 1995). In this case, Liscak asserts purely strategic errors by his attorney, and provides no evidence that the government presented his attorney with any plea offer. The record thus conclusively shows that Liscak is entitled to no relief under § 2255. Liscak's request for an evidentiary hearing is therefore denied.

### III. CONCLUSION

For the foregoing reasons, Jerry Liscak's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED          ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 11-17-04